E-FILED
Wednesday, 06 May, 2009 03:39:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| OSF HEALTHCARE SYSTEM, an Illinois Not-for profit corporation, d/b/a ST. FRANCIS MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>DR. JOSEPH J. BANNO, BRYAN ZOWIN, and PEORIA DAY SURGERY CENTER, LTD.,<br><br>Defendants. | Case No. 08-1096 |

## ORDER

Before this Court is Defendants' Motion for Certification of Interlocutory Appeal and Stay Pending Appeal [#63]. For the reasons stated below, the Motion [#63] is DENIED.

## BACKGROUND

Defendants have continually argued that Plaintiff OSF Healthcare System, d/b/a St. Francis Medical Center ("OSF") has failed to allege proximate cause sufficiently under the Supreme Court's standard in *Anza v. Ideal Steel Supply Corp.,* 547 U.S. 451 (2006). This argument was first rejected by Magistrate Judge Cudmore, who in ruling on the motion to dismiss the original complaint, differentiated this case from *Anza*, finding that OSF "was a foreseeable victim of and suffered a direct injury from Defendants' scheme to avoid the co-pay." *See* Report and Recommendation [#29] at 18. "Plaintiff's injury is not derivative of the injury suffered by [third party payer]

Caterpillar." *Id.* This Court agreed with the Magistrate Judge and held that OSF's allegations supported proximate causation under the *Anza* standard, at least under the motion to dismiss standard. *See* December 10, 2008, Order [#42] at 7-8. The proximate cause argument was further rejected, without discussion, when this Court entered an Order allowing OSF's two RICO fraud claims to proceed. *See* March 20, 2009, Order [#61] at 3.

Defendants now move this Court to amend its March 30, 2009, Order, to certify for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), the scope of the Supreme Court's *Anza* decision and its applicability to the present case, and for a stay pending the determination of the interlocutory appeal. Specifically, Defendants propose that the Court certify the following question to the Court of Appeals:

> In a civil RICO case based on alleged mail and wire fraud, does the plaintiff adequately allege proximate cause under *Anza v. Ideal Steel Supply Corp.,* 547 U.S. 451 (2006) where the plaintiff alleges that
> (i)   a third party and not the plaintiff was defrauded by the defendant
> (ii)  the third party was directly harmed by the alleged fraud and would be a superior plaintiff'
> (iii) none of the alleged conduct forming the basis of the fraud allegations were directed at the plaintiff,
> (iv)  plaintiff's alleged injury is that the fraud of the third party allowed a business competitor to gain customers, and
> (v)   ascertaining damages would entail hundreds of individual inquiries into whether customers would have brought their business to the plaintiff rather than the defendant in the absence of the fraud?

Defendants argue that this involves a "pure" controlling question of law about which there is substantial ground for difference of opinion and that an immediate appeal could bring the litigation to a rapid close.

## DISCUSSION

An appeal under Section 1292(b) must satisfy four criteria: (1) "there must be a question of *law*," (2) "it must be *controlling*," (3) "it must be *contestable*," and (4) "its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir.2000) (emphasis in original).  "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to use for an immediate appeal under section 1292(b)." *Id.* at 676.

The Court disagrees that Defendants' proximate cause argument related to *Anza* is a "pure" question of law, but instead is a mixed question of law and fact, which relies on misconstrued "facts" from the Amended Complaint.  Under *Anza*, a civil RICO claim must allege proximate cause through a direct relation between the injury asserted and the injurious conduct alleged.  Defendants argue that OSF's allegations fail under *Anza* because OSF's allegations "rel[y] entirely on a supposed scheme to defraud Caterpillar." *See* Motion at 6.  The Court finds that Defendants' argument does not address the allegation in the Amended Complaint that states "As a result of the above-described conduct [systematic waiver of the Members' co-pays] it is estimated that hundreds of Caterpillar Members had ambulatory surgery performed at [Defendants] instead of [at OSF]. *See* Amended Complaint ¶ 38.  "As a direct consequence, [OSF] was deprived of several million dollars of revenue from (a) non-urological ambulatory surgery from about 1997 to on or about April 1, 2006, and (b) urological ambulatory surgery from about August 1, 2004 to April 1, 2006." *Id.*  The Court finds that the Amended Complaint sufficiently alleges that OSF was directly harmed by the Defendants' alleged fraud and is, therefore, an appropriate plaintiff.

The Court notes, just as the Magistrate did in his Report and Recommendation, that this case is more similar to *RWB Services,* where that court found that an injury to the plaintiff is "direct" if the victim was reasonably foreseeable. *RWB Serv. LLC v. Hartford Computer Group, Inc.,* 539 F.3d 681, 688 (7th Cir. 2008).  That court concluded that the plaintiff was a direct victim of the alleged scheme, even if there were multiple victims with different injuries. *Id.  Anza* is distinguishable from the facts of this case, because OSF was a foreseeable victim of and suffered a direct injury from Defendants' alleged scheme to avoid the co-pay.  Therefore, the Court does not find that the Court of Appeal's interpretation of *Anza* would bring this litigation to a rapid close.

As this Court finds that Defendants fail to satisfy the first criteria of the four-part test, it is not necessary to address the remaining criterion.  Accordingly, the Court does not find that an interlocutory appeal and a stay pending appeal is appropriate.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Certification of Interlocutory Appeal and Stay Pending Appeal [#63] is DENIED.

ENTERED this 6th day of May, 2009.

                                                  s/ Michael M. Mihm
                                                  Michael M. Mihm
                                                  United States District Judge